Morris E. Spector, J.
On a prior motion, to reargue, the petitioner herein was granted an order in a proceeding pursuant to article 78 of the Civil Practice Act in the nature of prohibition. This order was based on the ground that the Municipal Court clearly exceeded its jurisdiction in staying a warrant of eviction after its issuance.
The motion now before this court is to vacate the final order. It is made by one of the tenants and his objection is based on the fact that neither he nor his cotenant was made party to the original article 78 proceeding in this court.
Section 1290 of the Civil Practice Act provides in part: 1 ‘ Where the proceeding is brought to restrain a body or officer exercising judicial or quasi-judicial functions from proceeding without or in excess of jurisdiction in favor of another party, the latter must be joined as a party respondent with the body or officer.”
Section 1291 indicates how that party may answer. These sections are in part derived from former sections 1346 and 1347 of the Civil Practice Act, in existence before the uniform proceeding was adopted (L. 1937, ch. 526). These sections were concerned with the former prohibition proceeding. Section 1346 required service on the court or Judge, and also upon the party. Section 1347 provided that where the party makes a return, the court or Judge also must make a return. In former section 1348, the party could adopt the court or Judge’s return.
Article 78 was enacted to unify the proceedings; it was not intended to extend, limit or abolish them. Accordingly, the court holds that in a proceeding such as this, the tenants are necessary parties and should be served and have the opportunity to answer. However, since under section 192 of the Civil Practice Act nonjoinder or misjoinder will not defeat this proceeding, the motion is granted to the extent of vacating the prior determination and directing that the petitioner serve the tenants so as to bring them into this proceeding within 10 days after service of a copy of the order to be entered hereon (Civ. Prac. Act, § 193, subd. 2).